IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| FRANCIS HARRIS,<br><br>            Plaintiff,<br><br>vs.<br><br>EDWARD PARISIAN, individually and in his capacity as Area Director of Bureau of Indian Affairs; CARL E. VENNE, individually and in his capacity as Crow Tribal Chairman; THE CROW TRIBAL EXECUTIVE BRANCH, and THE CROW TRIBAL LEGISLATORS,<br><br>            Defendants. | CV-06-143-BLG-RFC-CSO<br><br><br>**ORDER GRANTING<br>DEFENDANTS' MOTION TO<br>STAY PROCEEDINGS** |

    Pending before the Court are:

  (1)   Defendants Carl E. Venne, Crow Tribal Executive Branch, and the Crow Tribal Legislators' (hereafter "Tribal Defendants") Joint Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(h)(2), 12(h)(3) and/or Failure to Exhaust Tribal Administrative Remedies (*Court's Doc. No. 16*);

  (2)   Defendant Edward Parisian's ("Parisian") Motion to Dismiss for Lack of Subject Matter Jurisdiction (*Court's Doc. No. 19*); and

  (3)   Tribal Defendants and Parisian's Joint Motion to Stay Deadlines and Proceedings (*Court's Doc. No. 22*).

By Order dated February 16, 2007, United States District Judge

Richard F. Cebull referred this case to the undersigned for all

pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) including submission of proposed findings and recommendations. See *Court's Doc. No. 18*.

I.  **PROCEDURAL BACKGROUND**

On October 10, 2006, Plaintiff Francis Harris ("Harris"), appearing *pro se*, filed a "Verified Complaint and Application for Injunctive Relief and Declaratory Judgment to Secure Rights of Enrolled Crow Tribal Members." See *Court's Doc. No. 1*.  The Tribal Defendants moved for a more definite statement pursuant to Rule 12(e)[1] on November 8, 2006.  See *Court's Doc. No. 8*.  United States Magistrate Judge Richard W. Anderson granted their motion and gave Harris until January 5, 2007, to file and serve her Amended Complaint.  See *Court's Doc. No. 9*.

Pursuant to Judge Anderson's order, Harris filed her "Amended Verified Complaint and Application for Injunctive Relief and Declaratory Judgment to Secure Rights of Enrolled Crow Tribal Members" ("Amended Verified Complaint") on December 27, 2007. See *Court's Doc. No. 10*.  On January 31, 2007, the Tribal Defendants filed their Joint Motion to Dismiss, (*Court's Doc. No. 16*), and on March 2, 2007, Parisian filed his motion to dismiss. See *Court's Doc. No. 19*.

On March 12, 2007, Harris filed a "Second Amended Complaint

---

[1] All references to Rules herein are to the Federal Rules of Civil Procedure unless otherwise indicated.

and Application for Injunctive Relief and Declaratory Judgment to Secure Rights of Enrolled Crow Tribal Members" (hereafter "Second Amended Complaint"). See *Court's Doc. No. 21*. Tribal Defendants and Parisian filed on March 21, 2007, a Joint Motion to Stay Deadlines and Proceedings. See *Court's Doc. No. 22*. Harris filed her combined responses to the Defendants' motions to dismiss on March 22, 2007, (*Court's Doc. No. 24*), and her response to Defendants' motion to stay on March 29, 2007. See *Court's Doc. No. 25*.

## II. PARTIES' ARGUMENTS

In their joint motion to stay, the Tribal Defendants and Parisian move "to stay all deadlines under the Federal Rules of Civil Procedure and proceedings pending this court's ruling on the outstanding motions to dismiss." *Def.s' Mot. to Stay* at 2. In their supporting brief, Defendants acknowledge that since their motions to dismiss were filed Harris filed her Second Amended Complaint. *Def.s' Brief* at 2. They contend that while Harris improperly filed her complaint, because she is proceeding *pro se*, they reviewed the Second Amended Complaint, "and conclude that it does not raise new issues that would require further briefing on the motions to dismiss." Id.

Harris' response provides no argument as to why the Court should not grant Defendants' motion. She merely restates the relief she has requested in her Second Amended Complaint.

*Harris' Response* at 1-3.  Having considered the issues presented by the parties, the Court is prepared to rule.

## III. DISCUSSION

Harris presents no substantive argument in opposition to the Defendants' motion.  She does not indicate that she will be prejudiced in any way by the issuance of a stay.  Defendants' motions to dismiss are now fully briefed.[2]  Accordingly, the motions have been taken under advisement, and will be ruled upon in due course.[3]

The Court does not as a general practice stay cases pending ruling on motions.  These motions, however, present issues regarding this Court's subject matter jurisdiction.  See generally, Steven Baicker-McKee, William M. Janssen, & John B. Corr, *Fed. Civil Rules Handbook*, pg. 335 (West 2006) (stating that the Court must first rule upon subject matter jurisdictional challenges before reviewing other matters related to the merits of a lawsuit).  Accordingly, the Court is persuaded to exercise its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for

---

[2] The Court notes that Defendants' replies were due on April 5, 2007.  To date, no replies have been filed.  Accordingly, the motions are now submitted.

[3] While Defendants' motions relate to Harris' Amended Verified Complaint and not her Second Amended Complaint, Defendants have indicated to the Court that they intend to rely on their original briefing in response to Harris' Second Amended Complaint.

counsel, and for litigants" and stay this case.  See <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936); <u>see also</u> <u>Yong v. INS</u>, 208 F.3d 1116, 1119 (9th Cir. 2000) (holding that a court has the inherent authority to control its own docket and calendar); <u>Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.</u>, 146 F.3d 1071, 1074 (9th Cir. 1998) (district court possess inherent power to control its docket).  Granting the Defendants' stay likely will be a better use of the Court's, counsels', and the litigants' time and resources, as the parties will not expend additional time or resources until the issue of jurisdiction has been decided.  <u>See</u> <u>Yong</u>, 208 F.3d at 1119.  Accordingly, the Court will grant Defendants' joint motion.

## IV.  <u>CONCLUSION</u>

Based on the foregoing, IT IS HEREBY ORDERED that the Tribal Defendants and Parisian's Joint Motion to Stay Deadlines and Proceedings (*Court's Doc. No. 22*) is **GRANTED**.  <u>The parties shall file no further documents until the court has ruled on Defendants' pending motions to dismiss</u>.  Once those motions have been decided, the stay will be lifted.

DONE and DATED this 16th day of April, 2007.

                                              **/S/** Carolyn S. Ostby
                                              Carolyn S. Ostby
                                              United States Magistrate Judge