FILED
BiLLINGS DIV.

2007 JUN 26  PM 4 17

PATRICK E. DUFFY, CLERK

BY _____

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

FRANCES HARRIS,

          Plaintiff,

vs.

EDWARD PARISIAN, individually
and in his capacity as Area
Director of Bureau of Indian
Affairs; CARL E. VENNE,
individually and in his
capacity as Crow Tribal
Chairman; THE CROW TRIBAL
EXECUTIVE BRANCH, and THE CROW
TRIBAL LEGISLATORS,

          Defendants.

CV-06-143-BLG-RFC-CSO

**ORDER and**
**FINDINGS AND RECOMMENDATIONS**
**OF U.S. MAGISTRATE JUDGE**

Plaintiff Frances Harris ("Harris"), appearing *pro se*,
initiated this action challenging the enactment and enforcement
of the 2001 Crow Constitution. Harris, an enrolled member of the
Crow Tribe living off of the reservation, seeks a declaratory
ruling that the 2001 Crow Constitution's alleged elimination of
District 7, the Off-Reservation Crow Tribal Members District,
unconstitutionally eliminated the right of off-reservation tribal

-1-

members to participate in tribal matters.

Harris generally alleges that there were irregularities in the voting process that ultimately ratified the adoption of the 2001 Crow Constitution, which led to the elimination of the 7th voting district where off-reservation Crow Tribal members could vote. She also alleges the "Area Director [of the Bureau of Indian Affairs ("BIA")] was notified that there was considerable reason to believe that the vote on the 2001 Crow Constitution had been manipulated and did nothing." *Second Amended Complaint and Application for Injunctive Relief and Declaratory Judgment to Secure Rights of Enrolled Crow Tribal Members* ("*2nd Am. Cmplt.*") (Court's Doc. No. 21) *at 6*.

Harris seeks, *inter alia*, a declaratory judgment invalidating the 2001 election results, an order enjoining further action under the 2001 Crow Constitution, and an order requiring a new vote.

The following motions are pending before the Court:

1.  Defendants Carl E. Venne, Crow Tribal Executive Branch, and the Crow Tribal Legislators' (hereafter "Tribal Defendants") Joint Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(h)(2), 12(h)(3) and/or Failure to Exhaust Tribal Administrative Remedies (Court's Doc. No. 16); and

2.  Defendant Edward Parisian's ("Parisian") Motion to Dismiss for Lack of Subject Matter Jurisdiction (Court's Doc. No. 19).

By Order (Court's Doc. No. 18) filed February 16, 2007, United States District Judge Richard F. Cebull referred this case

to the undersigned for all pretrial proceedings pursuant to 28
U.S.C. § 636(b)(1)(A) and (B) including submission of proposed
findings and recommendations.

## I.  PROCEDURAL BACKGROUND

On October 10, 2006, Harris filed a "Verified Complaint and
Application for Injunctive Relief and Declaratory Judgment to
Secure Rights of Enrolled Crow Tribal Members" (Court's Doc. No.
1).

On November 8, 2006, the Tribal Defendants moved for a more
definite statement pursuant to Rule 12(e)[1] (Court's Doc. No. 8).

On December 18, 2006, United States Magistrate Judge Richard
W. Anderson, to whom this case was originally assigned,[2] issued a
*Memorandum & Order* (Court's Doc. No. 9) granting the motion and
giving Harris until January 5, 2007, to file and serve her
Amended Complaint.

On December 27, 2006, Harris filed her "Amended Verified
Complaint and Application for Injunctive Relief and Declaratory
Judgment to Secure Rights of Enrolled Crow Tribal Members"
(Court's Doc. No. 10).

On January 31, 2007, the Tribal Defendants filed their Joint

---

[1] All references to Rules herein are to the Federal Rules of Civil
Procedure unless otherwise indicated.

[2] On January 8, 2007, this case was reassigned to the undersigned
because of Judge Anderson's retirement. On February 16, 2007, Judge
Cebull reassigned the case to himself and referred it to the
undersigned under 28 U.S.C. §§ 636(b)(1)(A) and (B).

-3-

Motion to Dismiss. On March 2, 2007, Parisian filed his motion
to dismiss.

On March 12, 2007, Harris filed a "Second Amended Complaint
and Application for Injunctive Relief and Declaratory Judgment to
Secure Rights of Enrolled Crow Tribal Members" (Court's Doc. No.
21) (hereafter "*2d Am. Cmplt.*").

On April 16, 2007, in addressing a Joint Motion to Stay
Deadlines and Proceedings (Court's Doc. No. 22) filed by all
Defendants, the Court issued an Order (Court's Doc. No. 26)
staying the proceedings pending consideration of Defendants'
motions to dismiss.

## *II. DISCUSSION*

### *A. Standard of Review*

In considering a motion to dismiss pursuant to Rule 12(b),
the Court must accept as true all well-pleaded allegations of
fact in the complaint and construe them in the light most
favorable to the plaintiff. Burgert v. Lokelani Bernice Pauahi
Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000). Dismissal for
failure to state a claim is appropriate if it "appears beyond
doubt that the plaintiff can prove no set of facts in support of
his claim which would entitle him to relief." Conley v. Gibson,
355 U.S. 41, 45-46 (1957).

$-4-$

## *B.    The Tribal Defendants' Motion to Dismiss*

### *1.    Parties' Arguments*

In support of their motion to dismiss, the Tribal Defendants
first argue that Harris has failed to allege a valid
jurisdictional basis to invoke federal court jurisdiction.  They
argue that Harris's reliance on the Fourteenth Amendment to the
U.S. Constitution is misplaced because Tribes, as sovereigns,
"are unconstrained by constitutional limitations on state and
federal governments such as the Bill of Rights, and the 5th and
14th Amendments."  *Memorandum in Support of the Tribal
Defendants' Motion to Dismiss* (Court's Doc. No. 17) ("*Tribal
Defts' Br.*") at 6-10.  Rather, they argue, Tribes are constrained
only by Congressional acts such as the Indian Civil Rights Act
("ICRA"), which provides relief only through habeas corpus and
therefore is not applicable here.  *Id.*  Thus, they argue, Harris
has failed properly to invoke the Court's jurisdiction and her
action should be dismissed.  *Id.*

Second, the Tribal Defendants argue that the Court lacks
subject matter jurisdiction because the Tribal Defendants are
immune from suit.  They argue that neither Congress not the
Tribal Defendants have waived the Tribal Defendants sovereign
immunity, and it bars the relief Harris seeks.  *Id. at 10-14.*

Third, the Tribal Defendants argue that Harris has failed to
exhaust tribal remedies.  This failure to exhaust, they argue,

-5-

compels dismissal. *Id. at 14-15.*

In response to the Tribal Defendants' motion, Harris makes four arguments. First, she argues that the 2001 Crow Constitution states that it establishes a judicial branch, along with executive and legislative branches of government, but that there is no further mention of the judicial branch in the new constitution or in the By-Laws. *Plaintiff's Response to Motions to Dismiss for Lack of Subject Matter Jurisdiction* (Court's Doc. No. 24) (*"Harris's Resp."*) *at 3.*

Second, Harris argues that the "Crow Indian Council did not vote to accept the ICRA." *Id.*

Third, Harris argues that she "has no reason to believe that there is a court of proper jurisdiction where none is defined either by accepted statute, accepted act of the United States Congress ... or constitutional definition other than the courts set forth in the United States Constitution accepted by Treaty in 1868, of which this Federal District Court is one." *Id.*

Fourth, Harris argues that "the United States involves itself regularly in matters of apparent tyranny all over the world to make right matters of constitutional injustice, of which the original complaint and the amended complaints speak." *Id.*

## 2. **Analysis**

The United States Supreme Court has held that exhaustion of tribal remedies ". . .is required before ... a claim [that

-6-

involves tribal matters] may be entertained by a federal court."
National Farmers Union Ins. Cos. v. Crow Tribe of Indians, 471
U.S. 845, 857 (1985). Comity requires that tribal court remedies
be exhausted before a federal district court considers disputes
in a civil case that involves tribal-related activities. Iowa
Mutual Ins. Co. v. LaPlante, 480 U.S. 9, 14-16 (1987).

Deference to tribal courts, however, is not absolute.
"Exhaustion is prudential; it is required as a matter of comity,
not as a jurisdictional prerequisite." Boozer v. Wilder, 381
F.3d 931, 935 (9th Cir. 2004) (citing Strate v. A-1 Contractors,
520 U.S. 438, 451 (1997) and LaPlante, 480 U.S. at 16, n.8).
"Exhaustion is not required where 'the action is patently
violative of express jurisdictional prohibitions' or it is
otherwise plain that the tribal court lacks jurisdiction over the
dispute, such that adherence to the exhaustion requirement would
serve no purpose other than delay." Id. (citations omitted).
Also, a party need not exhaust "where an assertion of tribal
jurisdiction is motivated by a desire to harass or is conducted
in bad faith ... or where exhaustion would be futile because of
the lack of an adequate opportunity to challenge the court's
jurisdiction." Id. (citing Nat'l Farmers Union, 471 U.S. at 856,
n.21). Further, "[c]ase law supports the notion that if there is
no functioning tribal court, exhaustion would be futile and
therefore would not be required." Krempel v. Prairie Island

-7-

Indian Community, 125 F.3d 621, 622-23 (8th Cir. 1997) (citations omitted).

In the case at hand, Harris has not alleged that there is no tribal court that could address her claims. Rather, she alleges only that she "has no reason to believe that there is a court of proper jurisdiction ...." *Harris's Resp. at 3.* Her "belief" is undermined by this Court's determination in previous cases that there exist both a Crow Tribal Court and a Crow appellate court. See Old Bull v. Norton, CV-02-27-BLG-RFC (D. Mont. 2002)(Order filed August 12, 2002, Court's Doc. No. 39) (expressly finding existence of a "fully functioning Crow Tribal Court"); Gros Ventre v. Birdinground, CV-02-23-BLG-RFC (D. Mont. 2002)(Order filed June 11, 2002, Court's Doc. No. 16) (noting that "[a]ll the facts and circumstances in this matter indicate that while there has been some political upheaval in the Crow Tribal system, the Crow Tribal Court and the Appeals Court are still in existence and functioning"). Harris has offered no other explanation or argument to indicate that exhaustion of tribal remedies would be inappropriate.

The issues raised in this case are important to the Crow Tribe. Whether the 2001 Crow Constitution was legitimately ratified, and the scope of the document's legal force, are significant issues that should be addressed, in the first instance, in Crow Tribal Court.

-8-

Harris has failed to exhaust tribal court remedies.    Thus,

the Court lacks jurisdiction to entertain her action.[3]

Accordingly, the Court will recommend that the Tribal Defendants'

motion to dismiss be granted.

## C.    *Parisian's Motion to Dismiss*

### 1.    *Parties's Arguments*

Parisian moves to dismiss Harris's claims against him and

the United States on the ground that the Court lacks subject

matter jurisdiction.   He raises three primary arguments in

support of dismissal.

First, Parisian argues that Harris, who is suing him in his

individual capacity, has asserted no facts establishing a basis

for any claim against him in his individual capacity, and that he

should be dismissed.  He argues that Harris, who also is suing

him in his official capacity, is actually seeking a declaratory

judgment against the BIA, an agency of the United States.   As

such, he argues, there must exist a waiver of sovereign immunity

and a basis for federal jurisdiction, and neither are present

here.   Federal courts repeatedly have held, he argues, that there

is no federal question jurisdiction to resolve internal tribal

voting disputes.   *Parisian's Brief in Support [of] Motion to*

*Dismiss for Lack of Subject Matter Jurisdiction* (Court's Doc. No.

---

[3]Having so concluded, the Court does not address the Tribal
Defendants' other arguments for dismissal.

-9-

20) ("*Parisian's Br.*") *at 2, 3-4*.

Second, Parisian argues that, even if Harris's claims
against the BIA could be read to invoke the Administrative
Procedures Act ("APA"), sovereign immunity under the APA is not
waived for matters that can be addressed elsewhere or that would
conflict with other statutes. Here, Parisian argues, Harris has
an adequate remedy for her claims in tribal court. Also,
Congress expressly limited federal court jurisdiction in Native
American civil rights cases under the Indian Civil Rights Act
("ICRA") to writs of habeas corpus. Thus, Parisian argues, any
waiver of sovereign immunity in this case would conflict directly
with the ICRA's limited grant of federal jurisdiction. *Id. at 2-
3, 4-9*.

Third, Parisian argues that, even were the Court to find
that it has subject matter jurisdiction, the Crow Tribe is an
indispensable party. The Tribe has immunity as a quasi-sovereign
government, Parisian argues, so the case would not be permitted
to proceed. *Id. at 3, 9*.

In response, Harris makes the same four arguments listed
*supra* that she made in response to the Tribal Defendants' motion.
*Harris's Resp. at 3*.

## 2. **Analysis**

### a. **Individual Capacity Claims Against Parisian**

As an initial matter, the Court concludes that Harris has

-10-

failed to allege facts sufficient to sustain any claim against
Parisian in his individual capacity. In his *Memorandum & Order*
(Court's Doc. No. 9) filed on December 18, 2006, Magistrate Judge
Anderson advised Harris of this deficiency in her complaint and,
despite two attempts to amend, she has not succeeded in
adequately apprising Parisian of the claims against him in his
individual capacity. Harris is required to set forth the
specific facts upon which she relies in claiming the liability of
each Defendant. Fed. R. Civ. P. Rule 8(a)(2); Ivey v. Board of
Regents, 673 F.2d 266, 268 (9th Cir. 1982). Her failure to do so
here compels the Court to recommend that all claims against
Parisian in his individual capacity be dismissed.

### b.    *Official Capacity Claims Against Parisian*

With respect to Harris's claims against Parisian in his
official capacity, any claims against a federal officer or
employee in his or her official capacity are actually claims
against the United States. Balser v. Department of Justice, 327
F.3d 903, 907 (9th Cir. 2003) (citing Sierra Club v. Whitman, 268
F.3d 898, 901 (9th Cir. 2001)). The United States, as a
sovereign, is immune from suit unless it has waived its immunity.
F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver,
sovereign immunity shields the Federal Government and its
agencies from suit"); Gilbert v. DaGrossa, 756 F.2d 1455, 1458-59
(9th Cir. 1985) (a suit against officers and employees of the

-11-

United States in their official capacities is essentially a suit against the United States, and the bar of sovereign immunity applies). Any waiver of sovereign immunity must be "unequivocally expressed" in the text of a statute and will not be implied. Lane v. Pena, 518 U.S. 187, 192 (1996) (citations omitted). The party suing the United States bears the burden of demonstrating an unequivocal waiver of sovereign immunity. See Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983).

In the case at hand, Harris has not demonstrated that the United States has waived sovereign immunity. She has failed to cite to any statute that "unequivocally expresses" waiver.

Even liberal construction of Harris's *pro se* pleadings with an interpretation that she seeks review of an agency action under the APA provides her with no help. "[T]he APA does not independently confer jurisdiction on the district courts." Gallo Cattle Co. v. United States Dept. of Agriculture, 159 F.3d 1194, 1198 (9th Cir. 1998). Also, the APA waives sovereign immunity only where: (1) claims are not for money damages; (2) an adequate remedy for the claims is not available elsewhere; and (3) claims do not seek relief expressly or impliedly forbidden by another statute. Tucson Airport Authority v. General Dynamics Corp., 136 F.3d 641, 645 (9th Cir. 1998).

Here, Harris has an adequate remedy for her claims in Crow Tribal Court. See Old Bull v. Norton, CV-02-27-BLG-RFC (D. Mont.

-12-

2002)(Order filed August 12, 2002, Court's Doc. No. 39)

(expressly finding existence of a "fully functioning Crow Tribal

Court"); Gros Ventre v. Birdinground, CV-02-23-BLG-RFC (D. Mont.

2002)(Order filed June 11, 2002, Court's Doc. No. 16) (noting

that "[a]ll the facts and circumstances in this matter indicate

that while there has been some political upheaval in the Crow

Tribal system, the Crow Tribal Court and the Appeals Court are

still in existence and functioning"). Thus, the APA does not

operate to waive the United States' sovereign immunity in this

instance.

Based on the foregoing, the Court finds that sovereign

immunity bars Harris's claims against Parisian in his official

capacity.[4] The Court, therefore, will recommend that Parisian's

motion to dismiss be granted.

### III. *CONCLUSION*

Based on the foregoing,

**IT IS ORDERED** that the stay is hereby LIFTED. Also,

**IT IS RECOMMENDED** that:

1.   Defendants Carl E. Venne, Crow Tribal Executive Branch,
     and the Crow Tribal Legislators' (hereafter "Tribal
     Defendants") Joint Motion to Dismiss Pursuant to Fed.
     R. Civ. P. 12(h)(2), 12(h)(3) and/or Failure to Exhaust
     Tribal Administrative Remedies (Court's Doc. No. 16) be
     GRANTED, and that the claims against them be DISMISSED
     without prejudice; and

---

[4]Having so found, the Court does not address Parisian's other
arguments for dismissal.

-13-

2.     Defendant Edward Parisian's ("Parisian") Motion to
       Dismiss for Lack of Subject Matter Jurisdiction
       (Court's Doc. No. 19) be GRANTED, and that the claims
       against him be DISMISSED with prejudice.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk of Court shall

serve a copy of the Findings and Recommendations of the United

States Magistrate Judge upon the parties.  The parties are

advised that, pursuant to 28 U.S.C. § 636, any objections to

these findings must be filed within ten (10) days after receipt

hereof, or objection is waived.

DATED this 26th day of June, 2007

Carolyn S. Ostby
United States Magistrate Judge

-14-