IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| FRANCES HARRIS, a Member of the Crow Tribe of Indians,<br><br>        Plaintiff,<br>vs.<br><br>EDWARD PARISIAN, Individually and in his capacity as area director of the Bureau of Indian Affairs; CARL E. VENNE, Individually and in his capacity as Crow Tribe Chairman; THE CROW TRIBAL EXECUTIVE BRANCH, and THE CROW TRIBAL LEGISLATORS,<br><br>        Defendants. | CV-06-143-BLG-RFC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

      Plaintiff Frances Harris filed the present action seeking a declaratory ruling invalidating the 2001 Crow Constitution based on its alleged elimination of a voting district for tribal members who do not live on the Crow Reservation. On June 26, 2007, United States Magistrate Judge Carolyn Ostby entered her Findings and Recommendations (*Doc. 27*) on motions to dismiss brought by the Tribal Defendants (*Doc. 16*) and by Defendant Parisian (*Doc. 19*). Magistrate Judge Ostby made the following recommendations:

    (1)    the Tribal Defendants' Motion to Dismiss should be granted for failure to exhaust Tribal Court remedies and that the claims against the Tribal Defendants be dismissed without prejudice;

    (2)    Defendant Parisian's Motion to Dismiss should be granted and the claims against him be dismissed with prejudice because (a) Plaintiff, despite two attempts to amend her complaint, fails to state a valid claim against Parisian in his individual capacity and (b) Parisian is entitled to sovereign immunity in his official capacity.

1

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Plaintiff filed her Motion to Strike the Order and Findings and Recommendations of U.S. Magistrate Judge Carolyn S. Ostby and Motion for Recusal of U.S. Magistrate Judge for Conflict of Interest on July 9, 2007. *Doc. 28.* These objections require this Court to conduct a *de novo* review of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 635(b)(1). For the following reasons, Plaintiff's objections are not well-taken.

Plaintiff's first argument for striking the Order and Findings and Recommendations is based on the Ninth Circuit's statement that the Crow Allotment Act, 41 Stat. 751 (1920), was

> drafted to make individual Indians more independent and to encourage them to become more reliant on their own individual parcels of land. Under these circumstances, it is reasonable to assume that Congress expected individual Indians to bring their claims on their own behalf, rather than to expect the Tribe to protect their rights.

*Crow Tribe of Indians v. Campbell Farming Corp.* 31 F.3d 768, 771 (9th Cir. 1994). Magistrate Judge Osby's ruling was silent as to the Crow Allotment Act and the Court does not understand how this relates to any of Magistrate Ostby's reasons for dismissing Plaintiff's lawsuit. Accordingly, this objection is overruled.

Plaintiffs second objection is that the Findings and Recommendation should be stricken because Magistrate Judge Ostby should recuse herself on account of a conflict of interest. In support of this claim, Plaintiff cites the fact that a lawyer at Magistrate Ostby's former law firm communicated with Plaintiff by letter in December of 1999 and "demand[ed] that I do nothing to enforce my individual rights as a member of the Crow Tribe and/or as an allottee." Plaintiff

2

further alleges the dismissal of her lawsuit is the result sought by the 1999 letter and thus the dismissal was improper.  Under the facts as alleged by Plaintiff, Magistrate Judge Ostby would only be required to recuse herself if a lawyer with whom she previously practiced law served as a lawyer in the matter in controversy.  18 U.S.C. § 455(b)(2).  Plaintiff has failed to make any showing that the lawyer who wrote her a letter in December 1999 was serving as a lawyer in the present lawsuit which was filed in October 10, 2006.  This objection is also overruled.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and **IT IS HEREBY ORDERED** they be adopted in their entirety:

(1)  the Tribal Defendants' Motion to Dismiss (*Doc. 16)* is **GRANTED**.  The claims against the Tribal Defendants are **DISMISSED WITHOUT PREJUDICE**; and

(2)  Defendant Parisian's Motion to Dismiss (*Doc. 19*) is **GRANTED**.  The claims against him are **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall notify the parties of the entry of this Order and close this case accordingly.

DATED this 25th day of July, 2007.

_/s/ Richard F. Cebull_____
RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE

3